Granger, C. J.
Counsel upon both sides have ably argued for and against the right of a landlord to maintain separate actions for.overdue installments of rent in a case such as this, and they have furnished the commission with references to leading cases in many other states and in English courts. It is evident that where such severance is forbidden and a plea of former recovery sustained, the rule is based upon two grounds: First, a plaintiff is presumed to have included in his cause of action everything due to him thereon up to the time when he began suit, and, after judgment rendered, he is estopped from claiming that more was due. And, second, to prevent oppression of a defendant by compelling him to pay unnecessary costs. The record before us discloses that Fox, at the moment he began suit, asked for all the rent then due, although he prayed for four judgments instead of one. Hence he did nothing to raise an estoppel. The bills of particulars disclosed that the four actions were for overdue rent under the same lease, but it does not appear that Althorp made any objection to the severance, or that he sought, as soon as judgment was rendered in the case tried to the jury, to plead it in bar of the other three actions. As presented in the bill of exceptions the fair presumption is that he acquiesced in the severance as enabling them to promptly try their dispute in a justice’s court. It appears that, practically, the four suits were tried as one, and that his defense reduced his rent from one hundred dollars per month to forty dollars without interest. When it is evident that a defense is purely *325 technical, the conduct of the defendant presenting it should be scrutinized by the court, and if it does not appear that he set it up at his first opportunity, it ought not afterwards to avail him.
Judgment of the district court reversed and that of the conynon pleas affirmed.